IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON VAZQUEZ, | : | |
| *Petitioner*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO.: 17-2868 |
| | : | |
| VINCENT MOONEY, et al., | : | |
| *Respondents*. | : | |

## MEMORANDUM - ORDER

**AND NOW**, this 7th day of August, 2019, upon careful and independent consideration of the record in this case, the Report and Recommendation of the Honorable David R. Strawbridge, United States Magistrate Judge ("R&R"), (ECF No. 9), Petitioner's Objections and Supplemental Objections to the Report and Recommendation, (ECF Nos. 15, 17), and Respondents' Opposition thereto (ECF No. 23), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Objections to the R&R, (ECF No. 15), and Supplemental Objections to the R&R, (ECF No. 17), are **OVERRULED**.

3. The Petition for Writ of Habeas Corpus, (ECF No. 1), is **DENIED WITH PREJUDICE**;

4. There is no probable cause to issue a certificate of appealability; and

5. The Clerk of Court is directed to **CLOSE** this case for statistical and all purposes.

I.       **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 13, 2017, *pro se* Petitioner Nelson Vazquez filed a timely and exhausted Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") alleging that insufficient evidence supported his state court convictions. Petition (ECF No. 1). Specifically, Mr. Vazquez argues that his convictions for second-degree murder, attempted murder, conspiracy to commit robbery, robbery, aggravated assault, and various firearm offenses rested on "inherently unreliable, inconsistent and contradictory" eyewitness testimony. Petition, p. 7; *see also* R&R, p. 1. Consequently, he seeks habeas relief based on his contention that his convictions were not supported by sufficient evidence.[1] R&R, at 1 (ECF No. 9); *see also* Petition, p. 4. On July 17, 2017, the Court referred the Petition to the Honorable David R. Strawbridge for a report and recommendation ("R&R). (ECF No. 2). He recommended that the Petition be dismissed after reviewing it, the Respondents' Answer thereto (ECF No. 8), and the state court record.

Pending before the Court are Mr. Vazquez's Objections and Supplemental Objections (ECF Nos. 15, 17) to the R&R (ECF No. 9). The Court originally adopted the R&R after Mr. Vazquez failed to timely file objections thereto in accordance with Local Rule 72.1 IV(b). (ECF No. 12). The Court later vacated that Order based upon Mr. Vazquez's motion filed under Rule 60(b)(6), wherein he asserted that he did not timely file objections because he had never received the R&R. (ECF No. 13, p. 2). Upon a review of the R&R, the Objections to the R&R (the "Objections"), Supplemental Objections to the R&R ("Supplemental Objections"), and Respondents' Opposition to the Objections and Supplemental Objections (ECF No. 23), the

---

[1] As the Court writes primarily for the parties, who are familiar with the factual background, and the R&R sets forth a detailed factual recitation based upon the state court record, the Court will incorporate the facts as set forth in the R&R without restating them here. *See also infra*, p. 4.

Court will overrule the Objections and Supplemental Objections and approve and adopt the R&R *in toto*.

## II. STANDARD OF REVIEW

### A. Antiterrorism and Effective Death Penalty Act

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2254(d), a federal court may grant habeas relief where the state court's adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Any factual determinations made by the state court "shall be presumed correct" and the petitioner must rebut this presumption with a showing of "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Moreover, and importantly, "credibility findings may not be redetermined on habeas review." *Kirnon v. Klopotoski*, 620 F. Supp. 2d 674, 699 (E.D. Pa. 2008) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).

### B. Objections to a Report and Recommendation

Specific objections to a R&R are entitled to *de novo* review, 28 U.S.C. § 636(b)(1)(C), while any dispositive legal issues in the remainder of the R&R should be reviewed for plain error or manifest injustice. *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007). Where, as here, a petitioner is proceeding *pro se*, he is entitled to a liberal construction of his filings. *English v. Fed. Nat'l Mortg. Assoc.*, 752 F. App'x 148, 150 (3d Cir. 2019).

### III. DISCUSSION

#### A. Petitioner's Objections

Mr. Vazquez raises several objections to the R&R. First, he objects to "the factual and legal conclusions" in the R&R. Obj. R&R at 2 (ECF No. 15). Second, he objects to Magistrate Judge Strawbridge's determination that substantial evidence supported his conviction. Obj. R&R, pp. 2-7. Third, he objects to the R&R's purported adoption of the Respondents' Answer. Obj. R&R, p. 10 n. 2. Finally, he objects to the R&R's alleged failure to address all the grounds for relief raised in the Petition. Supp. Obj. R&R, p. 2. The Court will address these objections in turn.

1. <u>Factual Findings</u>

Although Mr. Vazquez objects to the factual findings in the R&R generically, a reading of his objection in context demonstrates that he is actually objecting to Magistrate Judge Strawbridge's conclusion that the purported "contradictory and irreconcilable evidence" presented at his trial sufficiently supported his conviction. Obj. R&R, p. 4. Thus, as factual findings made by the state court are presumed correct, and Mr. Vazquez has presented no evidence – let alone clear and convincing evidence – contradicting those findings, the Court will adopt *in toto* the facts as set forth in the R&R.

2. <u>Sufficiency of the Evidence</u>

As explained in the R&R, after a defendant has been found guilty, "'the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. R&R, p. 7 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Thus, upon habeas review, where the evidence, viewed in the light most favorable to the prosecution, would

permit "any rational trier of fact" to find "the essential elements of the crime beyond a reasonable doubt," a court must find sufficient evidence supported the underlying conviction. *Id.*

The Court conducted a *de novo* review of the record, given Mr. Vazquez's specific objection to this legal conclusion, and found sufficient record evidence supporting the jury's findings of fact. As identified in the R&R, the jury considered eyewitness testimony, other out-of-court identifications, and video surveillance footage in reaching its decision to convict Mr. Vazquez. R&R, pp. 9-10. Mr. Vazquez's convictions were thus not based upon evidence that was "so unreliable and/or contradictory as to make any verdict based thereon pure conjecture." *Com. v. Williams*, No. 2293, 2015 WL 8190809, at *9 (Pa. Super. Ct. Dec. 8, 2015) (internal quotation omitted). They were based upon corroborated evidence. As to whether the jury should have believed this evidence is a credibility determination. And Mr. Vazquez's arguments about the inconsistencies in the testimony of the witnesses at base seeks the Court's redetermination of the jury's credibility findings, which is not within the Court's purview. Thus, the sum and substance of Mr. Vazquez's Petition, Objections, and Supplemental Objections is an argument about how the record evidence **should be viewed**, which is insufficient.

### 3. R&R's Purported Adoption of Respondent's Answer

In a footnote, Mr. Vazquez generally objects to the R&R "as an adoption of the Respondent's Answer in toto." Obj. R&R, p. 10; Supp. Obj. R&R, p. 2. Under a liberal construction, of this non-specific objection, the Court construes it as a reiteration of Mr. Vazquez's objections to the R&R's factual findings and conclusion that substantial evidence did not support his conviction. Therefore, for the reasons set forth above, the Court finds this objection is also without merit. Although not warranted under this objection, in its review of the

R&R, Objections, and Supplemental Objections, the Court conducted a *de novo* review of the factual record and independently found that the facts in the R&R are accurately set forth and the conclusion that substantial evidence supported Mr. Vazquez's conviction is correct. To the extent the R&R is consistent with the Respondents' Answer, it is because Respondents accurately recited the record evidence and conducted an appropriate legal analysis.

### 4. Alleged Failure to Address all Grounds for Relief in Petition

Finally, Mr. Vazquez claims that Magistrate Judge Strawbridge failed to address all the bases for relief identified in the Petition. *See* Supp. Obj. R&R, p. 2. This is inaccurate. Question 12 of the § 2254 Petition form, states: "For this petition, state every ground on which you claim you are being held in violation of the Constitution, laws, or treaties of the United States." Petition, p. 7. For "Ground One," Mr. Vazquez states: "Evidence presented by the Commonwealth at trial was insufficient as a matter to [sic] law to support his conviction." *Id*. For "Ground Two" on page 9, "Ground Three" on page 11, and "Ground Four" on page 13, he states: "N/A".

To the extent Mr. Vazquez is arguing that the statements set forth in the Petition entitled: "Appellant presents the following issues for review" were actually meant to be reviewed as grounds for habeas relief, (*see* Petition, p. 5), the Court finds a liberal construction of the Petition does not warrant this reading. Above Mr. Vazquez's title for that page, it states: Pg. 7, "Question 11b," and under question 11(b) in the Petition Mr. Vazquez stated: "See Attached" for the grounds for relief raised in his appeal of his denied application for relief under the Post-

Conviction Relief Act. Petition, p. 4. Thus, the R&R addresses all ground for relief raised in the Petition.

**IV. CONCLUSION**

For the foregoing reasons, the Court will overrule the Objections and Supplemental Objections. The Court will also approve and adopt the R&R *in toto* and a Certificate of Appealability shall not issue.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II   J.